UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> JKRX, INC., et al., ) <br> ) <br> Respondents. ) <br> ) | Case No. 4:12CV157 HEA |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion to Dismiss Petition or Compel Arbitration, [Doc. No. 13]. Petitioner opposes the motion, and the matter is fully briefed. For the reasons set forth below, the Motion is granted.

Respondents initially move to dismiss the Amended Petition pursuant to Rule12(b)(1) for lack of subject matter jurisdiction, arguing that the issues raised in Petitioners' Petition relate not to arbitrability of the issues in dispute, but rather, are procedural in nature and therefore are for the arbitrator to decide.

According to the Petition, Respondents are parties to separate arbitration agreements, but have filed a"putative collective arbitration demand."[1] The

---

[1] According to the Petition, in December 2011 and January 2012, various franchisees of the Medicine Shoppe franchise system commenced the following actions: (1) two putative collective arbitrations before JAMS; (2) one putative collective arbitration before United States Arbitration & Mediation Midwest, Inc.; (3) one putative collective arbitration before the American Arbitration Association; (4) one individual arbitration before the American Arbitration Association; and (5) two collective actions in the Eastern District of Missouri. Several franchisees of the Medicap franchise system, filed a collective action in the Southern District of Iowa. The amended petition relates to one of the four putative collective arbitrations.

Petition seeks to have this arbitration demand action stayed in order that Petitioner may proceed with individual arbitration proceedings pursuant to 9 U.S.C. § 4.

Respondents rely on the absence of the Court's jurisdiction over the Petition for dismissal. Respondents contend that, because the issue of whether the disputes should be arbitrated together, rather than individually, as asserted by Petitioner, is a question of procedure, the arbitrator, not the Court, must make that determination.

As this Court has previously held, in Cause Number 12CV159HEA, the issue before the Court is one of procedure, which must be determined by the arbitrator.

> [A] gateway dispute about whether the parties are bound by a given arbitration clause raises a "question of arbitrability" for a court to decide. See [*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)] at 943-946, 115 S.Ct. 1920 (holding that a court should decide whether the arbitration contract bound parties who did not sign the agreement); *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 546-547, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964) (holding that a court should decide whether an arbitration agreement survived a corporate merger and bound the resulting corporation). Similarly, a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court. See, *e.g., AT & T Technologies, supra,* at 651-652, 106 S.Ct. 1415 (holding that a court should decide whether a labor-management layoff controversy falls within the arbitration clause of a collective-bargaining agreement); *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 241-243, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962) (holding that a court should decide whether a clause providing for arbitration of various "grievances" covers claims for damages for breach of a no-strike agreement).
> At the same time the Court has found the phrase "question of

arbitrability" *not* applicable in other kinds of general circumstance where parties would likely expect that an arbitrator would decide the gateway matter. Thus " 'procedural' questions which grow out of the dispute and bear on its final disposition" are presumptively *not* for the judge, but for an arbitrator, to decide. *John Wiley, supra,* at 557, 84 S.Ct. 909 (holding that an arbitrator should decide whether the first two steps of a grievance procedure were completed, where these steps are prerequisites to arbitration). So, too, the presumption is that the arbitrator should decide "allegation[s] of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital, supra,* at 24-25, 103 S.Ct. 927. Indeed, the Revised Uniform Arbitration Act of 2000 (RUAA), seeking to "incorporate the holdings of the vast majority of state courts and the law that has developed under the [Federal Arbitration Act]," states that an "arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled." RUAA § 6(c), and comment 2, 7 U.L.A. 12-13 (Supp.2002). And the comments add that "in the absence of an agreement to the contrary, issues of substantive arbitrability ... are for a court to decide and issues of procedural arbitrability, *i.e.,* whether prerequisites such as *time limits,* notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Id.,* § 6, comment 2, 7 U.L.A., at 13 (emphasis added).

*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002).

The manner in which the arbitrations should be conducted is undeniably an issue of procedure. It goes not to the merits of the disputes to be arbitrated. Indeed, not a single substantive finding can be made through joining like disputes together. To the contrary, joining arbitrations is a procedural issue which encompasses factors such as, effective use of time and resources and considerations of consistency. Thus, because the precise remedy Petitioner seeks is one of procedure, the matter is not properly before the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss Petition or Compel Arbitration, [Doc. No. 13], is granted.

**IT IS FURTHER ORDERED** that this matter is dismissed.

Dated this 18th day of June, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE